UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GRAHAM SPRINGS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ZAZZLE INC.<br><br>    Defendant. | LEAD CASE NO. 2:15-CV-775 |
| GRAHAM SPRINGS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>PROVIDE COMMERCE, INC. D/B/A PERSONAL CREATIONS,<br><br>    Defendant. | CASE NO. 2:15-CV-793-JRG-RSP |

**DEFENDANT'S RESPONSE TO GRAHAM SPRINGS' MOTION FOR LEAVE TO FILE A RESPONSE TO PROVIDE COMMERCE'S MOTION FOR SANCTIONS**

Defendant Provide Commerce, Inc. provides this response to Plaintiff's Motion for Leave to File a Response to Provide Commerce's Motion for Sanctions (Dkt. No. 91). Plaintiff had already included a "Request for Leave to File a Late Response" in its inappropriately filed Response in Opposition to Motion for Rule 11 Sanctions (Dkt. No. 87, pp. 1-2), so Plaintiff has twice filed the request. Defendant already responded to the request the first time in its Supplement to Defendant's Response RE Plaintiff's Non-Opposition to Defendant's Motion for Sanctions Under Rule 11 (Dkt. No. 89), the entire contents of which are incorporated by reference into this response.

In addition to the response already provided in the Supplement to Defendant's Response RE Plaintiff's Non-Opposition to Defendant's Motion for Sanctions Under Rule 11 (Dkt. No. 89), Defendant responds as follows. The Motion for which Plaintiff failed to file a timely response is Defendant's Motion for Sanctions Under Rule 11 (Dkt. No. 18). That Motion for Sanctions was filed on August 31, 2015, and included a Certificate of Service indicating that it was served the same day via the Court's CM/ECF system, per Local Rule CV-5(a)(3). *Id*. at p. 16. Plaintiff has not denied being served on August 31, 2015 with the Motion for Sanctions that was filed with the Court. The Motion for Sanctions included a Footnote 1 stating that "Pursuant to Fed. R. Civ. P. 11(c)(2), a copy of this motion was served on Plaintiff under Fed. R. Civ. P. 5 on Aug. 7, 2015, and no response has been received from Plaintiff. The 21 day time period under Rule 11(c)(2) has therefore expired with no response from Plaintiff." *Id*. at p. 1 n. 1.

Once the Motion for Sanctions was filed with the Court and served on Plaintiff via the Court's CM/ECF system, Plaintiff had until Sep. 17, 2015 to respond to the Motion. Plaintiff failed to file its response by the Sep. 17, 2015 deadline. Plaintiff argues that its delayed response was reasonable because it did not think the safe harbor period provided by Rule 11(c)(2) started until the filing of the Motion for Sanctions. (Dkt. No. 91, p. 3). As mentioned *supra*, however, the Motion for Sanctions itself stated in Footnote 1 that a copy of the motion was served on Plaintiff under Fed. R. Civ. P. 5 on Aug. 7, 2015, and that the 21 day time period under Rule 11(c)(2) had therefore expired with no response from Plaintiff. (Dkt. No. 18, p. 1 n. 1).

1

Plaintiff's delayed response, therefore, was not reasonable because the Motion itself put Plaintiff on notice that Defendant was claiming that the safe harbor period had already expired.

Moreover, even in its currently filed Motion for Leave, Plaintiff does not dispute that it received a copy of the Motion for Sanctions in Defendant's e-mail of Aug. 7, 2015, which stated that a copy was also mailed by first class U.S. mail.  (Dkt. No. 89-2).  Plaintiff also does not dispute that its counsel sent an e-mail response on Aug. 7, 2015, which stated, *inter alia*, "I noticed your assistant sent us a draft Rule 11 motion."  (Dkt. No. 87-5).  Plaintiff was clearly aware from these communications, as well as from Footnote 1 in the Motion for Sanctions, that Defendant contended that the safe harbor period started on Aug. 7, 2015 and had already ended by the time the Motion for Sanctions was filed on Aug. 31, 2015.

Defendant therefore respectfully requests that Plaintiff's request for leave to file a late response be denied, and that Defendant's Rule 11 Motion be granted and that an award of fees and costs be ordered pursuant to fee and costs declarations to be submitted by Defendant.

Dated: October 16, 2015               Respectfully submitted,


   /s/    William J. Robinson
William J. Robinson (CA Bar No. 83729)
Jean-Paul Ciardullo (CA Bar No. 284170)
Justin Sobaje (CA Bar No. 234165)
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
Tel:    213.972.4500
Fax:    213.486.0065
Email: wrobinson@foley.com
Email: jciardullo@foley.com
Email: jsobaje@foley.com


Clyde Siebman
SIEBMAN, BURG, PHILLIPS & SMITH LLP
113 East Austin Street
Marshall, TX 75671
Tel:    903.938.8900
Fax:    972.767.4620
email: clydesiebman@siebman.com

Attorneys for Defendant
PROVIDE COMMERCE, INC.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this DEFENDANT'S RESPONSE TO GRAHAM SPRINGS' MOTION FOR LEAVE TO FILE A RESPONSE TO PROVIDE COMMERCE'S MOTION FOR SANCTIONS was filed on October 16, 2015 electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.

/s/  William J. Robinson
William J. Robinson

4819-1921-3097.1